ANNA PFARR, Administratrix, etc., of GEORGE PFARR, Deceased, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, December 16, 1938.

*Edward J. McGratty, Jr.,* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellant.

*Francis J. Hughes* of counsel [*Louis Rothbard,* attorney], for the respondent.

PER CURIAM. As one witness for plaintiff testified that on the morning of the day of the accident the break in the sidewalk was four inches deep and another of plaintiff's witnesses stated that it was from two to six inches in depth, we think that it was prejudicial error, in the circumstances of this case, for the court to decline to charge " that if that condition or defect on the sidewalk was four inches or less in depth, their verdict must be for the defendant." (*Eger* v. *City of New York,* 239 N. Y. 561; *Griffin* v. *Town of Harrison,* 268 id. 238, 241.) We also find that the verdict is against the weight of the credible evidence. The judgment should,

accordingly, be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur; CALLAHAN, J., dissents.

CALLAHAN, J. (dissenting). I dissent. The trial court in its main charge advised the jury that they must find that the hole in question was five inches in depth before they might award a verdict to the plaintiff. In view of this and the form of defendant's request to charge, I find no reversible error in refusing the request. The depth of a hole in a sidewalk might vary throughout. Therefore, the request to charge the jury that if the hole " was four inches or less in depth, their verdict must be for the defendant,"was improperly framed, for it might mean that plaintiff could not recover unless the hole at all places was more than four inches in depth, though in fact portions thereof might have been of a greater depth.

The verdict does not appear to be so contrary to the weight of evidence as to warrant reversal.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.